# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PLASTIC THE MOVIE LIMITED,

    Plaintiff,

v.                                                     Case No:  5:15-cv-150-Oc-30PRL

JOHN DOE, subscriber assigned IP
address 76.26.255.84,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 8).  Plaintiff filed this action alleging direct copyright infringement against Defendant for unlawfully reproducing and distributing original works for which Plaintiff holds the copyright.  (Doc. 1).  Plaintiff does not know Defendant's true identity, but Plaintiff has identified the Internet Protocol ("IP") address from which the allegedly infringing conduct occurred.  (*Id.*).  By the instant motion, Plaintiff requests leave to issue a third-party subpoena to Defendant's Internet Service Provider ("ISP") to ascertain Defendant's true identity prior to the scheduling conference required under Federal Rule of Civil Procedure 26(f).  (Doc. 8).

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).  However, a court may allow expedited discovery prior to the Rule 26(f) scheduling conference upon a showing of good cause.  *See Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7*, No.

3:08-CV-18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008); Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

Here, Plaintiff established that it holds a copyright for an original work allegedly copied and distributed by Defendant through the use of a BitTorrent file distribution network (Doc. 1, Ex. B) and that a forensic investigation revealed potential infringement of Plaintiff's rights in that work by Defendant as identified by his or her IP address (Doc. 8, Ex. B). Plaintiff has clearly identified the information sought through discovery by identifying the IP address of Defendant as well as the "hit date"[1] and time, title of the work, ISP, and file hash values associated with Defendant's IP address. (Doc. 1, Ex. A).

Additionally, Plaintiff has shown that, despite the exercise of due diligence, no other method exists by which it can obtain Defendant's true identity. Moreover, the information Plaintiff seeks is time sensitive because ISPs do not retain user activity logs for an extended period of time. *See Arista Records*, 2008 WL 542709, at *1. If Plaintiff does not timely obtain Defendant's identifying information, Plaintiff may lose its ability to pursue its claims in this action. Accordingly, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

After consideration, therefore, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 8) is **GRANTED**.

---

[1] The "hit date" reflects the date on which Plaintiff's investigator was able to make a connection with Defendant's IP address to download pieces of Plaintiff's movies from Defendant.

2. Plaintiff may serve Defendant's ISP with a subpoena pursuant to Federal Rule of Civil Procedure 45, commanding it to provide Plaintiff with the name, address, telephone number, and e-mail address of Defendant to whom the ISP assigned IP address 76.26.255.84. Plaintiff may also serve a Rule 45 subpoena on any ISP identified in response to a subpoena as a provider of internet services to Defendant. Plaintiff shall attach a copy of the complaint (Doc. 1) and this Order to any subpoena issued pursuant to this Order.

3. If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5),[2] it shall comply with 47 U.S.C. § 551(c)(2)(B), which provides:

> A cable operator may disclose [personally identifiable information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

4. Upon receipt of the requested information in response to a Rule 45 subpoena served on an ISP, Plaintiff shall only use the information disclosed for the purpose of protecting and enforcing Plaintiff's rights as set forth in the complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of April, 2015.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).